United States District Court
Southern District of Texas
**ENTERED**
September 22, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ADDILENE CANNON, individually and as representative of the estate of Billy Wayne Cannon, CANDICE CANNON, ETHAN CANNON, and DANIELLE FREEMAN  §§§§§§§§ Plaintiffs, § VS. § §  SHELF DRILLING HOLDINGS LTD, § SHELF DRILLING DISTRIBUTION, § INC. and DANIEL MUNOZ, § §  Defendants. | CIVIL ACTION NO. 4:22-CV-3748 |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion to Remand. ECF No. 6. The Court referred this case to Judge Dena Hanovice Palermo pursuant to 28 U.S.C. § 636(b)(1)(b) on April 28, 2023. ECF No. 19. Judge Palermo subsequently issued a Report and Recommendation ("R&R") that recommended granting Plaintiffs' Motion to Remand. ECF No. 20. For the reasons stated below, Plaintiffs' Motion to Remand is **GRANTED** and this suit is **REMANDED** to the 61st District Court of Harris County, Texas.

### I. BACKGROUND

This case arose from a tragic accident: Billy Wayne Cannon, a consultant for Shelf Drilling Offshore Holdings, Limited ("SDOHL"),[1] died after falling from the *Adriatic I* drilling rig. ECF No. 20 at 2. Cannon's wife and three children filed the instant suit against Defendants Shelf

---

[1] Though Cannon was employed by Olympus Marine Services DMCC ("Olympus"), his employment agreement and a subsequent ad hoc agreement indicate that he operated as a consultant for SDOHL. See ECF No. 7-3 at 2–3; ECF No. 7-5 at 1, 26–27.

1

Drilling Distribution, Inc. ("SDDI"), Shelf Drilling Holdings, Ltd. ("SDHL"), and Cannon's former colleague, Daniel Munoz, in Texas state district court. *Id.* at 3. They asserted Jones Act claims against SDDI and SDHL; claims for unseaworthiness under general maritime law against SDDI and SDHL; and claims for negligence under general maritime law against SDDI, Munoz, and SDHL. *Id.* Defendants removed, and Plaintiffs filed a Timely Motion to Remand. *Id.* at 3–4. The R&R recommended granting Plaintiffs' Motion to Remand. *Id.* at 38. Fourteen days later, Defendants SDDI and Munoz filed objections to the R&R's proposed findings of fact and recommendations. ECF No. 26.

## II.     LEGAL STANDARD

Where, as here, a party files timely objections to a proposed R&R, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## III.    ANALYSIS

Plaintiffs assert claims under the Jones Act and general maritime law. ECF No. 20 at 3. The Jones Act bars removal unless defendants can "show that there is no possibility that plaintiff would be able to establish a [Jones Act] cause of action." *Burchett v. Cargill, Inc.*, 48 F.3d 173, 176 (5th Cir. 1995) (quoting *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993)). Claims arising under general maritime law cannot be removed "unless defendants can demonstrate a separate jurisdictional grant" *Cormier v. Chet Morrison Contractors*, *LLC*, 85 F. Supp. 3d 880, 883 (S.D. Tex. 2015). Here, the separate jurisdictional grant is diversity of citizenship.[2] However,

---

[2] It is uncontroverted that the Parties are completely diverse and that Plaintiffs seek more than $75,000 in damages. *See* ECF No. 20 at 5. Therefore, diversity jurisdiction exists. *See* 28 U.S.C. § 1332(a)(1).

in diversity cases such as this one, under the "forum-defendant" rule, the case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see also In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009).

For these reasons, remand is proper in this case if (1) there is any reasonable possibility of success on Plaintiffs' Jones Act claims, or, if there is not, if (2) the forum-defendant rule bars removal. As the removing party, Defendants "bear[] the burden of showing that federal jurisdiction exists and that removal was proper" and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).

### A. Jones Act

The R&R concluded that Plaintiffs have a possibility of success on their Jones Act claim against SDHL, but not against SDDI. ECF No. 20 at 23–28. "To state a claim under the Jones Act, a plaintiff must establish that the defendant was his employer." *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 589 n.3 (5th Cir. 2016) (citing 46 U.S.C. § 30104). To establish the required employer-employee relationship, "[o]ne must look at the venture as a whole," *Cosmopolitan Shipping Co. v. McAllister*, 337 U.S. 783, 791 (1949), paying special attention to whether the defendant has control over the employee and the work they are performing. *See Melancon v. Amoco Prod. Co.*, 834 F.2d 1238, 1244–45 (5th Cir. 1988).

Judge Palermo found that there was a possibility that Cannon was a "borrowed servant" of SDHL, based upon Cannon's employment agreement and a subsequent ad hoc agreement between Cannon's employer and SDOHL. ECF No. 20 at 26–27. However, this conclusion was based upon the R&R's conflation of SDHL and SDOHL. *See* ECF No. 20 at 2 n.4. This conflation was

3

improper given that SDHL and SDOHL are separate legal entities: SDHL is the intermediate parent company of SDDI, and SDOHL is an affiliate of SDDI. *See* ECF No. 4. There is ample evidence that Cannon was a borrowed servant of SDOHL, not SDHL. *See* ECF No. 7-3 at 2–3; ECF No. 7-5 at 1, 26–27. Had Plaintiffs amended their pleadings and named SDOHL as a defendant rather than SDHL, the Jones Act would have barred removal. As it stands, however, there is no possibility that Cannon was a borrowed servant of either of the named Jones Act defendants. Therefore, the Jones Act does not bar removal in this case.

### B. General Maritime Law

The Court now turns its analysis towards a separate potential ground for remand: the forum-defendant rule. *Cf. Butler v. ENSCO Intercontinental GmbH*, No. CV H-16-578, 2017 WL 496073, at *6–*8 (S.D. Tex. Feb. 7, 2017) (remanding entire case after finding that plaintiff had no possibility of success on their Jones Act claim, but where the forum-defendant rule barred removal). The R&R concluded that removal under general maritime law was improper because SDDI and Munoz are Texas citizens. ECF No. 20 at 29–38. In reaching this conclusion, Judge Palermo found that (1) SDDI's principal place of business is Texas, not (as SDDI contended) the UAE, *id.* at 30–33, and (2) Munoz (who is indisputably a Texas citizen) was not improperly joined, *id.* at 33–38. Judge Palermo also noted that "[i]nsofar as Defendants seek to raise an improper joinder argument regarding SDDI, such argument is waived for lack of briefing." *Id.* at 38 n.28.

A corporation is a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). SDDI was incorporated under the laws of Delaware, ECF No. 20 at 18, therefore, the issue here is whether its principal place of business is in Texas. A corporation's principal place of business is determined according to where its "nerve center" is located, that is, the state from

4

which "a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Defendants correctly point out that a single public filing by itself cannot support the conclusion that SDDI's principal place of business is in Texas. ECF No. 26 at 21–22; *see Hertz Corp.*, 559 U.S. 77, 97 (2010); *Balachander v. AET Inc. Ltd.*, No. CIV.A. H-10-4805, 2011 WL 4500048, at *8 (S.D. Tex. Sept. 27, 2011). However, the Court agrees with Judge Palermo's conclusion that Plaintiffs point to ample evidence that SDDI's principal place of business is in Texas, and that Defendants have accordingly not shown that removal is proper here. *See* ECF No. 20 at 30–33.

Even if Defendants were correct that SDDI is not a Texas resident, the forum-defendant rule requires remand because of Defendant Munoz. The parties agree that Munoz is a Texas resident. *Id.* at 30. Defendants argue, however, that Munoz was improperly joined, because Plaintiffs cannot establish a cause of action against him. *Id.* at 33. The improper-joinder doctrine applies in situations where a nondiverse party is joined to "destroy diversity of citizenship and the possibility of removal," 13F Charles A. Wright & Arthur Miller, Federal Practice And Procedure, § 3641.1 (3d ed. 2013). The doctrine allows courts to "disregard the citizenship of [the improperly joined nondiverse] defendant for the purposes of evaluating its jurisdiction." *Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806, 812 (5th Cir. 2021). Following Judge Palermo's lead, *see* ECF No. 20 at 33 n.26, the Court notes that the Fifth Circuit has not decided whether the improper-joinder doctrine applies to the forum-defendant rule. *See Monical v. Johnson & Johnson*, No. 3:22-CV-00859-K, 2022 WL 17835060, at *4 (N.D. Tex. Dec. 20, 2022) (collecting cases); *cf. Williams*, 18 F.4th at 820 (Ho, J., concurring) (suggesting that the improper-joinder doctrine does not apply to the forum-defendant rule). However, the Parties assume that it applies here. *See* ECF No. 20 at 33–34 n.26. Accordingly, the Court assumes without deciding that

the improper-joinder doctrine applies.

In order to establish that Munoz was improperly joined, Defendants must prove that Plaintiffs have no reasonable possibility of recovery against him. *See Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007); *see also Williams*, 18 F.4th at 812. To determine whether Plaintiffs have any possibility of recovery, the Fifth Circuit instructs district courts to conduct a "Rule 12(b)(6)-type analysis," "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1046 (5th Cir. 2021) (quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). However, "in a relatively small number of cases," if it appears as though the plaintiff "has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Hicks v. Martinrea Auto. Structures (USA), Inc.*, 12 F.4th 511, 515 (5th Cir. 2021) (quoting *Smallwood*, 385 F.3d at 573). The Fifth Circuit has cautioned that this "summary inquiry" is to consist of "a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined" and must not transform "into a resolution of the merits." *Smallwood*, 385 F.3d at 574.

In order to state a claim for negligence under general maritime law against Munoz, Plaintiffs must "demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by [the] plaintiff, and a causal connection between the defendant's conduct and the plaintiff's injury." *In re Cooper/T. Smith*, 929 F.2d 1073, 1077 (5th Cir. 1991). The duty owed is that of "ordinary care under the circumstances" and the existence and scope of this duty depend principally on foreseeability of the harm suffered by the plaintiff. *Thomas*, 832

6

F.3d at 592 (quoting *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 211 (5th Cir. 2010)). This duty extends to third parties. *Coats v. Penrod Drilling Corp.*, 61 F.3d 1113, 1136 n.27 (5th Cir. 1995) (explaining that general maritime law allows plaintiffs to recover "when the Jones Act is inapplicable, such as when a seaman is injured through the fault of a third party").

The R&R found that, given the allegations in the complaint describing Munoz's role in recruiting Cannon, and Munoz's communications with Cannon leading up to and while he worked on the rig, there was some possibility that Plaintiffs could recover against Munoz. ECF No. 20 at 36–38 (citing ECF No. 1-3 ¶¶ 5.1, 5.2, 5.4, 8.2, 8.3). The Court agrees that these allegations indicate that Plaintiffs have some possibility of recovery against Munoz. But even if, as Defendants allege, these allegations amount to a misstatement of facts, a summary inquiry reveals that Munoz was not improperly joined. Admissible evidence indicates that Cannon reported to Munoz, that Munoz helped negotiate the employment agreement for Cannon, and that Munoz was Cannon's point of contact regarding "the project, safety regulations, and the condition of the jack-up rig." ECF No. 20 at 9–11. Thus, there is some possibility that Plaintiffs could demonstrate that Munoz breached a duty owed to Cannon, thereby causing his death. Accordingly, Munoz was not improperly joined, and the forum-defendant rule requires remand.

## IV. CONCLUSION

To the extent set forth above, Judge Palermo's R&R, ECF No. 20, is **ADOPTED**. Plaintiffs' Motion to Remand is **GRANTED** and this suit is **REMANDED** to the 61st District Court of Harris County, Texas.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 22nd day of September, 2023.

_____
HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE